CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 17 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK RYLAND DOWDY, ) | Civil Action No. 7:12-cv-00308 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| LOUISA COUNTY, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

    Mark Ryland Dowdy, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Louisa County; the Honorable Timothy Sanner, Judge of the Circuit Court of Louisa County; Tom Garrett, Commonwealth's Attorney of Louisa County; Russell McGuire and Ashley Davenport, Assistant Commonwealth's Attorneys in Louisa County; Ashland Fortune, the Sheriff of Louisa County; and Louisa County Sheriff's Deputies Donald Lowe, Jeffrey Sims, and M. Silberman. Plaintiff argues that defendants maliciously prosecuted him without probable cause for criminal charges brought in the Louisa County Circuit Court. Plaintiff alleges that the malicious prosecution terminated in his favor on February 4, 2010, when the Louisa County Circuit Court granted the prosecution's nolle prosequi motion.

    The court must dismiss an action or claim filed by an inmate against a governmental entity or its agents if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Although the court liberally construes <u>pro se</u> complaints, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the court does not

act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

A § 1983 action adopts the statute of limitations that the forum state uses for general personal injury cases. Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (citing Johnson v. Railway Express Agency, 421 U.S. 454, 462 (1975)). Plaintiff's claims against defendants arose in Virginia, and Virginia's applicable statute of limitations is two years and may be tolled. VA. CODE §§ 8.01-243(A), 8.01-229. See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that a State's rules about equitable tolling apply when the State's statute of limitations applies). However, federal law itself governs the question of when a cause of action accrues. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).

Plaintiff's § 1983 action for malicious prosecution accrued on February 4, 2010, when the Louisa County Circuit Court granted the Commonwealth's nolle prosequi motion. See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 183-84 (4th Cir. 1996) (noting that a § 1983 malicious prosecution claim accrues when the favorable termination of criminal proceedings occurs); Keaton v. Balser, 340 F. Supp. 329, 332 (W.D. Va. 1972) (recognizing that

a Virginia prosecutor's dismissal of criminal charges constitutes termination in a plaintiff's favor). Plaintiff filed this action on July 13, 2012, 890 days after the cause of action accrued.[1]

By Order dated August 15, 2012, the court advised plaintiff that the Complaint appeared to be untimely filed and invited argument why the Complaint should not be dismissed. Plaintiff argues in response that the filing of this action in July 2012 should relate back to a previously filed action, Dowdy v. Louisa County, No. 7:12-cv-00041, which was dismissed without prejudice on June 29, 2012, because plaintiff did not serve the Complaint within 120 days of filing the action and paying the $350 filing fee on January 30, 2012.[2] Rule 15(c), Fed. R. Civ. P., permits an amendment to relate back to an earlier pleading filed in the same action if the amendment meets certain criteria, but nothing in Rule 15 permits an amendment in an active case to relate back to a filing in a previously-filed, closed action. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1219-20 (10th Cir. 2000) (holding a pleading in a subsequent action cannot relate back to a pleading filed in a prior action that was already dismissed because there is nothing for the subsequent pleading to relate back to).

Although this action may not "relate back" to the prior action, Virginia Code § 8.01-229(E)(1) allows the court to toll the 151 days the prior action was pending in this court. See Va. Code § 8.01-229(E)(1) (tolling the limitations period for the time a prior, similar action was pending before being abated or dismissed without determining the merits); Torkie-Tork v. Wyeth, 739 F. Supp. 2d 887, 894 (E.D. Va. June 16, 2010) (recognizing VA. CODE § 8.01-229(E)(1) is not limited to a specific jurisdiction, to a specific type of court, or to a specific type of action). Tolling the 151 day period of the prior action's pendency during the 890 day period

---

[1] Plaintiff's filings through an intermediary do not benefit from the prison-mailbox rule.
[2] Plaintiff does not argue any basis to toll the statute of limitations pursuant to Virginia law.

3

between this action's accrual and filing dates means plaintiff filed this action 739 days after it accrued, which is 9 days past the two-year statute of limitations.

Plaintiff is not entitled to any additional tolling pursuant to Virginia law. Any tolling for claims involving the criminal proceedings in the Louisa County Circuit Court would have ended on February 4, 2010, when the criminal proceedings were dismissed. See VA. CODE § 8.01-229(K) (tolling occurs only until the latest date of final judgment or order entered by the trial court, expiration of the time to appeal, or completion of direct appeal in state court); Slaey v. Adams, No. 1:08-cv-354, 2008 U.S. Dist. LEXIS 103903, at *23-24, 2008 WL 5377937, at *7 (E.D. Va. Dec. 23, 2008) (holding that tolling under § 8.01-229(K) ends when criminal charges are dismissed). Although plaintiff alleges he has been incarcerated since February 2010, his incarceration has been pursuant to another state court's judgment that was not based on these defendants' acts and omissions for the challenged criminal proceedings dismissed by the Louisa County Circuit Court on February 4, 2010. See VA. CODE § 8.01-229(K) (tolling the statute of limitations during a criminal proceeding that arises out of the same facts for a personal action seeking damages); Burns v. Bd. of Supervisors, 227 Va. 354, 358-59, 315 S.E.2d 856, 859 (1984) (holding that the statute of limitations should be enforced if there is any doubt to its application).

Plaintiff also incorrectly posits that it is the court's burden to explain to plaintiff the Federal Rules of Civil Procedure because he is incarcerated and unfamiliar with the law. Plaintiff is solely responsible for prosecuting his own civil action. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without

4

counsel."); Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer). Furthermore, plaintiff's imprisonment and pro se status are not sufficient bases to equitably toll the statute of limitations. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, plaintiff fails to establish any additional basis to toll the statute of limitations, and plaintiff's § 1983 claims against defendants are dismissed as time-barred. See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense); Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995) (affirming district court's sua sponte dismissal as frivolous when the plaintiff's claims were time-barred by the statute of limitations); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of claims as frivolous when claims were time-barred by the statute of limitations).

    The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

    **ENTER:** This 16th day of October, 2012.

/s/ Michael F. Urbanski
United States District Judge